UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 12-11042
                                                          Chapter 13
ASHLEA SNOW,

    Debtor.

## MEMORANDUM OPINION

    Before the court are (1) the trustee's motion to dismiss the case with a refiling injunction (Doc. #28), (2) the trustee's motion to examine transactions between the debtor and attorney (Doc. #27) and (3) an application to employ, *nunc pro tunc,* attorney Christopher M. Sledge (Doc. #31). An evidentiary hearing was held on March 6, 2013. Appearing at the hearing were the debtor, Ashlea Snow, her bankruptcy attorney, Jennifer R. Stanley, Ms. Snow's personal injury attorney, Christopher M. Sledge, and the trustee's attorney, William C. Carn. For the reasons that follow, the trustee's motion to dismiss the case with refiling injunction and Christopher M. Sledge's motion to approve employment will be granted.

Factual Findings

    Ashlea Snow filed a chapter 13 petition for relief in this court on June 18, 2012. On September 20, 2012, Ms. Snow amended her Schedule B - Personal Property to disclose a pending claim resulting from an automobile accident and noting that she was represented in that matter by Christopher Sledge (Doc. #20).[1] That same day, Ms. Snow filed an amended chapter 13 plan, which in relevant part, provided "DEBTOR SHALL SURRENDER ANY AND ALL NON-EXEMPT PROCEEDS RECEIVED FROM PENDING AUTO ACCIDENT CLAIM TO THE CHAPTER 13 TRUSTEE" (Doc. #19).

    On September 24, 2012, the trustee corresponded with Christopher M. Sledge concerning Ms. Snow's auto accident claim. The trustee advised Mr. Sledge of the necessity of his making application for approval of his employment

---

[1]The existence of the cause of action was not originally listed in the debtor's schedules. Apparently, the existence of the cause of action was discovered by the trustee and Ms. Snow's bankruptcy attorney at the August 14, 2012 creditors' meeting. That discovery prompted the amended Schedule B and amended plan of September 20, 2012.

as a special purpose attorney for the debtor's bankruptcy estate and of the trustee's claim on the proceeds of the debtor's cause of action.

On October 15, 2012, Mr. Sledge replied by letter to the trustee's correspondence. Therein, he stated:

> I am in receipt of your letter regarding the Bankruptcy of Ashlea Snow and the status of her pending cause of action. Upon receiving your letter was first and only notification that Ms. Snow has filed Bankruptcy. At no time did Ms. Snow or her Bankruptcy's Attorney notified my office that she was filling Bankruptcy. I must inform you that Ms. Snow's cause of action was settled on September 7, 2012 for $18,000.00. Thereafter on September 12, 2012, that settlement was distributed as follows:
>
> $10,895.00 to Ashlea Snow
> $979.00 to Andalusia Regional Hospital (Hospital Lien)
> $6000.00 to Patel & Sledge (Attorney Fee of 33.333%)
> $126 to Patel & Sledge (Expenses)
>
> Again, at no time was I informed of Ms. Snow's Bankruptcy, until I received your letter.

See Trustee's Exh. 1.

At the hearing, Mr. Sledge acknowledged that he was mistaken, in part, with respect to certain assertions made in his correspondence to the trustee. He testified that while it was correct that he was unaware of Ms. Snow's bankruptcy case, he has subsequently discovered that Ms. Snow had, in fact, called his office in August 2012 to advise him of her bankruptcy case. That telephone message, however, was mistakenly directed to his law partner, Manish H. Patel, who had no involvement in Ms. Snow's case. Mr. Sledge continued to maintain that the record of the telephone message never reached him and that the message was not placed into Ms. Snow's file. He maintains that he was unaware of Ms. Snow's bankruptcy until he received the trustee's September 24th letter.

Ms. Snow, however, presents a strikingly different account of her transactions with Mr. Sledge and his law firm. She testified that she notified Mr. Sledge's staff advising them of the bankruptcy on the very day that she filed the chapter 13 case. Further, Snow testified that she had two telephone conversations

with Mr. Sledge in early September 2012 concerning settlement of the cause of action. When told of the offer of settlement, Ms. Snow testified that she asked Mr. Sledge about the bankruptcy case. According to Ms. Snow, Mr. Sledge's response was that she needed the money more than the bankruptcy creditors and that he would deny knowledge of the bankruptcy proceeding.

Shortly thereafter, on September 12, 2012, Mr. Sledge disbursed the settlement proceeds. Ms. Snow received $10,895.00 and has since spent all but a small portion of that sum.

For a number of reasons, the court finds Mr. Sledge's account of the facts more convincing. First, what motive would Mr. Sledge have in joining in a conspiracy with Ms. Snow to deprive the trustee of the lawsuit proceeds? There would have been nothing for him to gain in taking that course, but very much to lose. In particular, his fee would not have been enhanced at all, while his law career would be jeopardized. Conversely, Ms. Snow did have a motive to keep the settlement from the trustee. Namely, she could have her cake, protection from creditors through bankruptcy, and eat it too, enjoying the settlement funds.

More importantly, regardless of what Mr. Sledge told Ms. Snow, she knew that the trustee claimed a portion of the settlement funds. Further, she knew of the provisions of her plan with respect to the lawsuit proceeds. She unilaterally ignored the provisions of her plan and embarked on a course that seemed most advantageous to her own interest despite the claims of the trustee and creditors.

## Conclusions of Law

A chapter 13 case may be dismissed for cause including material default by the debtor with respect to a term of a confirmed plan. *See* 11 U.S.C. § 1307(c)(6). By knowingly taking over $10,000.00 of estate funds and using those funds in a manner contrary to the provisions of her plan, the debtor has materially defaulted with respect to that plan.

## Conclusion

For the foregoing reasons, separate orders will enter granting the trustee's motion to dismiss this case with a 180-day injunction on refiling and granting Mr. Sledge's application for employment, *nunc pro tunc*.[2]

---

[2] In that this case is being dismissed, Mr. Sledge's employment application may be

Done this the 11th day of March, 2013.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Christopher M. Sledge
  Trustee
  All Creditors

---

mooted. Nevertheless, the court will grant his application.